# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CTL ENGINEERING OF WEST VIRGINIA, INC.,**

    Plaintiff,

v.                                      **CIVIL ACTION NO.: 3:14-CV-90
(GROH)**

**MS CONSULTANTS, INC.,**

    Defendant, Counterclaim
    Plaintiff, and Third Party
    Plaintiff,

v.

**KOKOSING CONSTRUCTION COMPANY, INC.,**

    Defendant.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND AFFIRMING MAGISTRATE COURT'S JANUARY 30, 2015 ORDER

Pending before the Court are Plaintiff CTL Engineering of West Virginia, Inc.'s ("CTL") Objections [ECF 30] to the magistrate court's January 30, 2015 Order [ECF 26] denying CTL's Motion to Compel [ECF 20]. For the following reasons, the Court **OVERRULES** CTL's Objections and **AFFIRMS** the January 30, 2015 Order.

### I. Background

On January 8, 2015, CTL moved to compel complete responses to Requests for Production 3 through 5 and 7 that it submitted to Defendant ms consultants, inc. ("ms consultants"). ms consultants had objected to these requests as follows:

Defendant objects to this request on grounds that it is a premature contention

1

> request. See Taggart v. Damon Motor Coach, 2007 U.S. Dist. LEXIS 3462 (N.D. W.Va. 2007). Defendant has not had the opportunity to fully discover all facts and circumstances regarding Plaintiff's allegations. Defendant further objects to this request on the grounds that it seeks the mental impressions of counsel and information protected by the work-product doctrine. Defendant also objects to this request on the grounds that it is overly broad and unduly burdensome.

The parties had met and conferred about these requests for production. During that process, ms consultants agreed to produce responsive documents in project files it maintained in the usual course of business at its office near Pittsburgh, Pennsylvania.

On January 28, 2015, the magistrate court held a hearing on the motion to compel. At the hearing, CTL raised four arguments. First, CTL argued that the attorney-client privilege and work product doctrine objections were invalid because the work product doctrine does not apply to the act of selecting responsive documents. Second, CTL asserted that ms consultants waived a work product doctrine objection. Third, CTL averred that the premature objection fails because it did not specify the grounds for the objection. Fourth, CTL argued the overbroad and unduly burdensome objections were boilerplate.

ms consultants responded that its objections were moot because it had agreed to produce responsive documents in the usual course of business. An affidavit by ms consultant's records custodian supported this assertion. ms consultants further averred that the Federal Rules of Civil Procedure do not require that it further organize and label those documents.

On January 30, 2015, the magistrate court denied the motion to compel. In doing so, the magistrate court first found that it did not need to address ms consultants' initial objections because ms consultants had agreed to produce responsive documents. The magistrate court explained:

2

> While ms originally objected to CTL's Requests for Production 3, 4, 5 and 7, ms later agreed to produce the responsive documents during the meet and confer process. In essence, the offer to produce the responsive documents served as a supplemental response made known to CTL during the discovery process. See Fed. R. Civ. P. 26(e)(1)(A). As such, the Court will not address the parties' arguments regarding attorney-client privilege, the work product doctrine, the use of boilerplate objections or whether the Requests were premature.

The magistrate court then stated that the dispositive issue was "whether ms [consultants] properly complied with Federal Rule of Civil Procedure Rule 34(b) by offering to produce responsive documents as they are kept in the usual course of business." The magistrate court held that ms consultants had done so based on the records custodian's affidavit.

On February 13, 2015, CTL filed objections to this Order. ms consultants responded. CTL did not reply.

**II. Standard of Review**

A party may object to a magistrate judge's order on a motion to compel. Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" or "contrary to law" standard of review governs review of such orders. Fed. R. Civ. P. 72(a). A district court may modify or set aside any portion of a decision that is clearly erroneous or contrary to law. Id. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Harman v. Levin, 772 F.2d 1150, 1152 (4th Cir. 1985). Because a magistrate judge has broad discretion to resolve "nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." Shoop v. Hott, Civil Action No. 5:08CV188, 2010 WL 5067567, at *2 (N.D.W. Va. Dec. 6, 2010) (citation omitted).

### III. Discussion

CTL does not object to the magistrate court finding that ms consultants' offer to produce responsive documents complied with Rule 34(b). Rather, CTL argues that it was contrary to law for the magistrate court to not address ms consultants' objections. CTL then discusses the merits of those objections. In doing so, CTL avers that the work product doctrine does not protect the act of selecting documents responsive to a request.

ms consultants responds that the magistrate court properly declined to consider its objections because its offer to produce responsive documents rendered them moot. ms consultants further avers that it has only contested CTL's demand that it organize and label the documents to correspond to the requests. ms consultants argues requiring that it do so would breach the work product doctrine.

Here, first, the Court considers whether it was contrary to law for the magistrate court to not address ms consultants' objections. ms consultants agreed to produce responsive documents during the meet-and-confer process. ms consultants only asserted it need not organize and label the documents beyond how it maintained them in the ordinary course of business. Because ms consultants opted to not pursue its objections, the magistrate court properly did not consider them. In short, the objections were moot. The fact that the magistrate court analogized the effect of ms consultants' agreement to produce the documents to a supplemental disclosure does not make his decision contrary to law because this reasoning stems from the same principle that ms consultants' production rendered its objections moot. Thus, the Court overrules CTL's objection that it was contrary to law to not consider ms consultants' objections. Having found that the magistrate court properly did not address the objections, the Court overrules CTL's

objections concerning the merits of those objections.

The only remaining issue is whether the magistrate court properly addressed whether the manner of ms consultants' offer to produce the documents comported with the Federal Rules of Civil Procedure. CTL does not object to the magistrate court's determination that ms consultants proved it was producing the documents in the ordinary course of business as required by Rule 34(b). Rather, CTL maintains that ms consultants must select the specific documents responsive to each request from those files.

Under Rule 34(b)(2)(E)(i), a party has two options to respond to a request for documents. The party can "produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added). When a party produces documents "as they are kept in the usual course of business," it has no duty to organize and label the documents to correspond to each request. See, e.g., MGP Ingredients, Inc. v. Mars, Inc., Civil Action No. 06-2318-JWL-DJW, 2007 WL 3010343, at *3 (D. Kan. Oct. 15, 2007) ("If the producing party produces documents in the order in which they are kept in the usual course of business, the Rule imposes no duty to organize and label the documents, provide an index of the documents produced, or correlate the documents to the particular request to which they are responsive."); Williams v. Taser Int'l Inc., Civil Action No. 1:06-CV-0051-RWS, 2006 WL 1835437, at *7 (N.D. Ga. June 30, 2006) ("[T]he plain language of Rule 34 makes clear that 'a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business.'" (quoting Hagemayer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004)); In re G-I Holdings Inc., 218 F.R.D. 428, 439 (D.N.J. 2003) ("The duty to organize

and label only attaches when the responding party cannot or does not produce the documents as they were kept in the usual course of business."). It therefore was consistent with the law and not clearly erroneous for the magistrate court to find that ms consultants only needed to produce the documents as they are kept in the usual course of business. Indeed, requiring ms consultants to do more than Rule 34(b)(2)(E)(i) requires would violate the opinion work product doctrine. As ms consultants points out, the Fourth Circuit found in In re Allen, 106 F.3d 582 (4th Cir. 1997) that an attorney's "choice and arrangement" of documents was protected opinion work product because the "selection and compilation of these particular documents reveals her thought processes and theories regarding" the case. Id. at 608. This conclusion did not, however, preclude the requesting party from obtaining the broad category of documents at issue, like ms consultants agreed to produce here. See id. Accordingly, the Court overrules CTL's objection to the manner of ms consultants' production.

### IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** CTL's Objections and **AFFIRMS** the magistrate court's January 30, 2015 Order denying CTL's Motion to Compel.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** March 30, 2015

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE